IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDY S. BULL, # K-90140,

Petitioner,

vs.

WARDEN WALTER NICHOLSON,

Respondent.                                    Case No. 13-cv-261-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This matter is before the Court for preliminary review[1] of the First Amended Petition (Doc. 5), filed at the direction of the Court (*see* Doc. 4). Petitioner Randy Bull is currently incarcerated at the Illinois River Correctional Center. He brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement and the execution of his sentence. Petitioner was convicted after a jury trial in 2006 of one count of home invasion in Madison County Circuit Court Case No. 06-CF-85, and was sentenced to 18 years. He is subject to a three-year term of mandatory supervised release after completing this sentence.

Petitioner appealed his conviction. It was affirmed by the Illinois Appellate Court, Fifth District, on April 27, 2009 (Doc. 5, p. 2), and the Illinois Supreme Court denied his petition for leave to appeal ("PLA") on September 30, 2009 (Doc. 5, p. 3).

---

[1] *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

He then filed a petition for post-conviction relief in the trial court on December 19, 2009, which was dismissed on March 9, 2010 (Doc. 5, pp. 3, 7; Doc. 5-2, pp. 2-4). Petitioner appealed this dismissal. The Illinois Appellate Court affirmed on March 2, 2012 (No. 5-10-0184) (Doc. 5, p. 8; Doc. 5-3, pp. 2-11). Petitioner states that he then sought leave to appeal from the Illinois Supreme Court on May 11, 2012, and that his PLA was denied on January 2, 2013, under Illinois Supreme Court Docket No. 12998 (Doc. 5, p. 8). However, a search for the disposition of the PLA from Appeal No. 5-10-0184 reveals that it was denied on November 28, 2012, under Illinois Supreme Court Docket No. 114956. *See People v. Bull*, 981 N.E.2d 999 (table) (Ill. Nov. 28, 2012). He filed the instant action on March 12, 2013, the date he placed the original petition into the institutional mail (Doc. 1, p. 12).

Petitioner challenges his conviction and sentence on the basis that he did not receive effective assistance of counsel during plea negotiations, the trial, or on appeal; the prosecutor engaged in misconduct; he was not properly admonished on the mandatory supervised release term when he was sentenced; and he has been improperly denied meritorious good time or supplemental sentence credit (Doc. 5, pp. 7, 9, 12, 14, 18).

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before **June 3, 2013**). This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may

wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 2nd day of May, 2013.

Digitally signed by David R. Herndon
Date: 2013.05.02 16:20:40 -05'00'

**Chief District Judge**
**United States District Court**