**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**RANDY S. BULL,**

**Petitioner,**

**vs.**                                                         **Civil No.   13-cv-261-DRH-CJP**

**WARDEN GREG GOSSETT,**

**Respondent.**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

In 2006, a jury in Madison County, Illinois, convicted Randy S. Bull of Home Invasion.  He was sentenced to 18 years imprisonment, to be followed by a 3 year term of mandatory supervised release.  He filed an amended petition for habeas relief pursuant to 28 U.S.C. §2254 (Doc. 5), raising the following grounds:

1.     Trial counsel was ineffective in the following respects:

    (a)    incorrectly advised petitioner during plea negotiations that he would have to serve 85% of any sentence;

    (b)    failed to submit jury instruction on lesser included offenses of residential burglary and criminal trespass to a residence;

    (c)    failed to object to the trial court's failure to admonish petitioner that a term of mandatory supervised release ("MSR") would attach to his sentence;

    (d)    failed to "give proper defense or investigate;" and

    (e)    failed to challenge the sufficiency of the indictment or the sufficiency of the evidence.

2.     Prosecutorial misconduct in that the state did the following:

(a)     threatened a witness, Cassie Jennings, with criminal charges unless she testified in accordance with her prior written statement, after she said that her prior statement was false;

(b)     failed to timely disclose "evidence used against petitioner;"

(c)     used recorded conversations without a warrant and without providing a voice analysis expert;

(d)     hid witnesses and refused to make codefendants available;

(e)     offered a plea deal of eight years to be served at 85%, which was "ineffective" because it was harsher than those of his codefendants who had greater involvement in the crime.

3.     The trial judge failed to admonish petitioner that he would have to serve a three year term of MSR, and the MSR term was added to his sentence by the IDOC.

4.     Appellate counsel was ineffective for failing to:

(a)     address "all issues which were harmless errors but may cumulatively add to a greater magnitude of issues;" and

(b)     challenge the term of MSR.

5.     The IDOC changed the rules regarding granting 180 days of "meritorious good time" to inmates in June, 2012, replacing it with a system of "supplemental sentence credit."  The "government" erroneously led petitioner to believe that he was still eligible for meritorious good time.

### Relevant Facts

This summary of the facts is derived from the detailed description by the Illinois Appellate Court, Fifth District, in its order affirming the dismissal of petitioner's postconviction petition.  The Rule 23 Order is attached to Doc. 13 at Ex. 4, pp. 6-10.[1]  The state court's factual findings are presumed to be correct

---

[1] For clarity of reference, the Court uses the exhibit and page numbers assigned by the CM/ECF system.

unless rebutted by clear and convincing evidence, which petitioner has not done. 28 U.S.C. §2254(e).

The victim, Dustin Brown, was dating petitioner's cousin, Cassie Jennings. Cassie Jennings was also dating Donald Frymire. Petitioner and his brother were good friends with Frymire. Cassie decided to end her relationship with Frymire after he physically abused her.

In the early morning hours of January 11, 2006, Cassie was at Brown's residence in Wood River, Illinois. Petitioner, his brother Mark, and Frymire repeatedly called Brown's landline and cell phone, "antagonizing him and leaving threatening messages." Shortly thereafter, petitioner, his brother, and Frymire unlawfully entered Brown's residence and attacked him. Brown was "severely beaten." On the way out of the apartment, petitioner, his brother and Frymire destroyed some items and there was "glass everywhere." Petitioner claimed that he was at home having sex at the time. Petitioner's clothes were bloodstained. Glass fragments and Brown's DNA were found in petitioner's clothes.

### Appeal and Postconviction Petition

On direct appeal, Bull raised one claim: the matter should be remanded to the trial court for a hearing pursuant to *People v. Krankel*, 464 N.E.2d 1045 (Ill. 1984), because the trial court failed to inquire into petitioner's pro se allegations of ineffective assistance of counsel. Doc. 13, Ex. 2, pp. 1-13. The Fifth District affirmed. Doc. 13, Ex. 2, pp. 55-61. In his pro se PLA, petitioner again raised a

*Krankel* claim.   Doc. 13, Ex. 2, pp. 62-71.  The PLA was denied.  Doc. 13, Ex. 3, p. 1.

Petitioner then filed a pro se petition for postconviction relief raising a number of claims including ineffective assistance by trial counsel and prosecutorial misconduct.  Doc. 13, Ex. 3, pp. 2-14.  The trial court dismissed, finding that petitioner's claims were frivolous and patently without merit.  Doc. 13, Ex. 3, pp. 15-17.

On appeal, through counsel, petitioner argued that the dismissal of his postconviction petition was erroneous because it set forth the gist of the following meritorious claims:

1.     Trial counsel was ineffective in that he

   a)     failed to call Bull's codefendants who would have testified that Bull did not harm Dustin Brown; and

   b)     failed to submit jury instructions on lesser included offenses of residential burglary and criminal trespass to a residence.

2.     Bull was denied due process by the state's knowing use of Cassie Jennings' perjured testimony.

Doc. 13, Ex. 3, pp. 18-38.

The Fifth District affirmed.  Doc. 13, Ex. 4, pp. 6-10.  Petitioner filed a pro se PLA, raising the following claims:

1.     Trial counsel was ineffective in that he

   a)     failed to call Bull's codefendants who would have testified that Bull did not harm Dustin Brown; and

   b)     failed to submit jury instructions on lesser included offenses of residential burglary and criminal trespass to a residence.

    2.      Bull was denied due process by the state's knowing use of Cassie Jennings' perjured testimony.

    3.      Appellate counsel was ineffective in that he failed to raise all issues that were harmless error by themselves but which cumulatively added up to prejudicial error.

    4.      Petitioner's constitutional rights were violated when the court failed to admonish him that he was subject to a three year term of mandatory supervised release.

Doc. 13, Ex. 4, pp. 16-46.

The Supreme Court denied leave to appeal.  Doc. 13, Ex. 4, p. 47.

**Petitioner's Custody Status**

In January, 2015, petitioner informed the Court that he has been released from prison.  See, Doc. 17.  He is, however, serving a three year term of mandatory supervised release and will continue to suffer adverse collateral consequences from his conviction even after the expiration of the supervised release term.  Therefore, he remains "in custody" for purposes of this habeas petition and his petition is not moot.  See, *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004), and cases cited therein.

**Law Applicable to §2254 Petition**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA.  "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible

under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review.    28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases. "  *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012), citing *Williams v. Taylor*, 120 S. Ct. 1495, (2000).   A state court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*   The scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1).   *Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003).  The unreasonable application standard is "a difficult standard to meet."   *Id.*, at 662.    Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion."   *Id.*, at 662 (internal citation omitted).

## Timeliness, Exhaustion and Procedural Default

Respondent concedes that the petition was timely filed and that petitioner

has exhausted state remedies.   He contends, however, that all of petitioner's grounds are procedurally defaulted.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default.   *Bolton v. Akpore,* 730 F.3d 685, 694-696 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999); see also 28 U.S.C. §2254(c).   Under the Illinois two-tiered appeals process, petitioners such as Bull must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one.   *Id.* at 1732-1733.

**<u>Analysis</u>**

1.      **Ground One**

In his first ground, petitioner alleges that trial counsel was ineffective in five respects.

In his direct appeal, Bull argued only that his case should be remanded to the trial court for a hearing pursuant to *People v. Krankel*, 464 N.E.2d 1045 (Ill. 1984).  An Illinois court presented with a *Krankel* claim must determine whether the trial court adequately enquired into the defendant's pro se allegations of

ineffective assistance of counsel for the purpose of deciding whether new counsel should be appointed to pursue those allegations in a post-trial motion. *People v. Moore*, 797 N.E. 2d 631, 637-639 (Ill. 2003).   Petitioner's direct appeal raised only a *Krankel* claim, and did not raise his substantive claims of ineffective assistance of counsel.  Therefore, his direct appeal is not relevant to consideration of procedural default.

Ground 1(d), that counsel failed to "give proper defense or investigate," fails because it does not sufficiently set forth the factual basis of the claim, in violation of Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States Courts.  See, *Mayle v. Felix*, 125 S. Ct. 2562, 2566-2567 (2005), noting that the usual notice pleading standard in not applicable to §2254 petitions and that Rule 2(c)(2) requires the petitioner to "state the facts supporting each ground."  Therefore ground 1(d) fails to set forth a claim for habeas review.

Grounds 1(a) (incorrect advice during plea negotiations), 1(c) (failure to object to court's failure to admonish petitioner as to term of MSR), and 1(e) failure to challenge sufficiency of the indictment and of the evidence) were not presented for one full round of state court review.  These claims were raised in the pro se postconviction petition, but were not raised on appeal.  Doc. 13, Ex. 3, pp. 18-38.

That leaves only ground 1(b), that trial counsel was ineffective in failing to submit jury instructions on lesser included offenses.  Petitioner did raise that issue both in the Appellate Court and in his PLA to the Supreme Court.  Doc. 13,

Ex. 4, pp. 16-46. However, the claim is defaulted because it was disposed of by the Appellate Court on the independent and adequate ground of waiver: "because this issue could have been raised on direct appeal, the trial court did not err in finding that the defendant forfeited consideration of the claim." Doc. 13, Ex. 4, p. 9. The court cited *People v. Ligon*, 239 Ill.2d 94, 103 (2010), which holds that "any issues considered by the court on direct appeal are barred by the doctrine of *res judicata*, and issues which could have been considered on direct appeal are deemed procedurally defaulted."

"When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). The Seventh Circuit has held that the Illinois waiver rule applied by the state court here is an independent and adequate state rule. *Smith v. Gaetz*, 565 F.3d 346, 351-352 (7th Cir. 2009). Therefore, ground 1(b) is procedurally defaulted and cannot be considered here.

**2.      Ground Two**

Ground two alleges prosecutorial misconduct. The claims presented in subparts (b), (c), (d), and (e) are procedurally defaulted because they were not raised for one full round of state court review. Although aspects of these claims were included in the postconviction petition, there were not presented on appeal.

Ground 2(a) alleges that the prosecutor threatened Cassie Jennings with criminal charges unless she gave false testimony against petitioner. This claim was arguably presented for one full round of state court review, although it was presented in a somewhat different form on appeal and in the PLA. However, the Appellate Court disposed of the claim on the independent and adequate state ground of waiver: "We first note that because this allegation [that the state knowingly used Jennings' perjured testimony] could have been raised on direct appeal, the trial court did not err in summarily dismissing the issue as forfeited." Doc. 13, Ex. 4, p. 10. The claim is procedurally defaulted and cannot be considered here. *Richardson,* 745 F.3d at 268.

**3.    Grounds Three and Four**

Grounds Three (trial judge's failure to admonish regarding MSR) and Four (ineffective assistance of appellate counsel) are forfeited because they were not raised for one full round of state court review. While the failure to admonish regarding MSR was presented in the context of the ineffective assistance claim in the postconviction petition, it was not presented as a separate ground and was not presented to the Appellate Court at all. Ineffective assistance by appellate counsel was not presented in the postconviction petition. In addition, the failure of an Illinois court to admonish a defendant regarding a mandatory term of supervised release does not violate federal due process rights and does not present grounds for federal habeas review. *Carroll v. Daugherty*, 764 F.3d 786 (7th Cir. 2014).

**4.    Ground Five**

The last claim is that the "government" misled petitioner into believing that he was still eligible for meritorious good time even after the IDOC changed to a system of "supplemental sentence credit" in June, 2012.  It is entirely unclear how the state misleading petitioner on this question could have affected the length of his sentence.  Petitioner does not assert that any good conduct time was revoked after it had been earned; rather, he seems to assert that the rules for awarding discretionary good time were prospectively changed.  Such an assertion does not present a federal constitutional claim that can be addressed on habeas review. *Hadley v. Holmes*, 341 F.3d 661 (7th Cir. 2003).  In any event, petitioner admits that this claim has not been presented to the state court at all.  See, Doc. 5, p. 18.  Accordingly, the claim cannot be considered.

**5.     Cause and Prejudice; Actual Innocence**

Procedural default can be overcome by a showing of cause and prejudice.  Petitioner must establish cause for his default and prejudice or that failure to consider the claim would likely result in a miscarriage of justice.  *Coleman v. Thompson*, 111 S. Ct. 2546, 2565 (1991).

Petitioner's only mention of cause for his default is a reference to "appellate counsel for postconviction" as the reason he did not present his claims of ineffective assistance by appellate counsel to the state court.  Doc. 5, p. 14.  While ineffective assistance of counsel in postconviction proceedings cannot be the grounds for habeas relief, it may serve as cause for failure to exhaust a claim of ineffective assistance where state procedures prohibit or make it highly unlikely

that ineffective assistance can be raised on direct appeal.   *Martinez v. Ryan,* 132 S. Ct. 1309 (2012); *Trevino v. Thaler*, 133 S Ct. 1911 (2013).

The *Martinez/Trevino* rule does not apply here because the rule is limited to ineffective assistance in initial-review collateral proceedings, i.e., proceedings at the trial court level on the postconviction petition.   The rule does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review. . . ."  *Martinez*, 132 S.Ct. at 1320.

Lastly, petitioner has not made a claim of actual innocence sufficient to overcome his procedural default.   The Supreme Court held in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013), that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief."   *McQuiggin* reaffirmed the *Schlup* standard for a credible showing of actual innocence, cautioning that "tenable actual-innocence gateway pleas are rare" and describing the *Schlup* standard as "demanding" and "seldom met." *McQuiggin*, 133 S. Ct. at 1928.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. "  *Schlup v. Delo*, 115 S. Ct. 851, 865 (1995).  The *Schlup* standard permits habeas review of defaulted claims

only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006).

Petitioner has not even attempted to demonstrate a claim of actual innocence sufficient to overcome his procedural default.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong."  See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).  Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, *Ibid.*

Here, no reasonable jurist would find it debatable whether this Court's rulings on procedural default were correct.   Accordingly, the Court denies a certificate of appealability.

**<u>Conclusion</u>**

Randy S. Bull's petition for habeas relief under 28 U.S.C. §2254 **(Doc. 5)** is **DENIED**.  This cause of action is **DISMISSED WITH PREJUDICE**.   The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 9th day of March, 2015.

Digitally signed by
David R. Herndon
Date: 2015.03.09
16:12:08 -05'00'

**United States District Judge**